UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MICHAEL WALTER PAYETTE #292063,

        Plaintiff,                      Case No. 2:09-cv-242

v.                                            Honorable Gordon J. Quist

J. ROGERS, et al.,

        Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff Michael Walter Payette #292063, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer J. Rogers, Corrections Officer Unknown Briggs, and Corrections Officer Unknown Radloff. Plaintiff alleges that in an attempt to help Defendant Rogers, who was new on the job, become a better corrections officer, he told Defendant Rogers that he had been improperly touching prisoner's genitalia during shakedowns and unnecessarily putting inmates' handcuffs on too tight. Between June and August of 2009, Defendant Rogers conducted a shakedown of Plaintiff, during which he forcibly touched Plaintiff's genitalia and felt under Plaintiff's armpits. Plaintiff asked Defendant Rogers not to touch his genitals again.

On October 15, 2009, Plaintiff was taken to the showers by Defendants Rogers and Radloff. Defendant Rogers put the handcuffs on Plaintiff too tight and Plaintiff told Defendant Rogers that they were painful. After Plaintiff had showered, Defendant Rogers replaced the handcuffs on Plaintiff, and Plaintiff again complained that they were too tight. Defendants Radloff and Rogers checked the cuffs and told Plaintiff to stop being a baby. Defendant Briggs then ordered Defendants Radloff and Rogers to take the cuffs off and leave Plaintiff in the shower cell. Approximately one hour later, Sergeant Livermore came to the shower cell and asked Plaintiff about the situation. Plaintiff told her that Defendants Radloff and Rogers knew what had happened and about her "corrupted officer Briggs." Sergeant Livermore then asked if Plaintiff was ready to return to his cell, and he said that was what he had been trying to do when Defendant Briggs started playing his little games. Plaintiff was then escorted back to his cell under Sergeant Livermore's supervision. Plaintiff asked if he would be getting a misconduct ticket and Sergeant Livermore

assured him that he would not. Plaintiff told Sergeant Livermore that if he received a ticket, he would kick out his cell door window.

The next day, Sergeant Livermore came to Plaintiff's cell to serve a misconduct ticket on Plaintiff. Plaintiff said, "I'll break the window if you serve that and put it in my door." Plaintiff then asked to see the ticket written by Defendant Rogers, which falsely stated that Plaintiff had refused to allow himself to be handcuffed. In addition, the report quoted Plaintiff as using the word "ain't," which Plaintiff insists he would never use. Plaintiff subsequently stepped back and broke his cell window. Plaintiff had a hearing on the misconduct ticket on November 2, 2009, which was adjourned. Plaintiff states that as of the date he filed this lawsuit, there was no disposition on the misconduct ticket.

Plaintiff claims that he has previously filed grievances on Defendant Briggs, and that Defendant Briggs was motivated by a desire to retaliate against Plaintiff for these grievances. In addition, Plaintiff claims that Defendant Rogers' conduct was motivated by a desire to retaliate against Plaintiff for telling him that the handcuffs were too tight and giving him other advice about how to handle the inmates. Plaintiff claims that Defendants' conduct violated his rights under the First and Fourth Amendments, and constituted a criminal conspiracy under 18 U.S.C. § 241. Plaintiff seeks damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Briggs and Rogers retaliated against him for verbally complaining and for filing grievances. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse

action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges no specific facts regarding retaliation. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). The Sixth Circuit has held that a claim of retaliation brought by a prisoner under § 1983 must be analyzed under the Fourteenth Amendment principles of substantive due process. *McLaurin v. Cole*, 115 F.3d 408, 410 (6th Cir. 1997); *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988).

Claims of retaliation "are especially prone to abuse. It is easy for a prisoner to allege bad motive and thereby embroil prison officials in protracted yet groundless litigation." *DeRobertis*, 598 F. Supp. at 506. "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at * 1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff's allegation that he was charged with a misconduct in retaliation for prior complaints against Defendants Briggs and Rogers is conclusory and unsupported by any specific allegations. Accordingly, the court will dismiss Plaintiff's retaliation claims.

Plaintiff also claims that Defendant Rogers violated his Fourth Amendment right to be free from unreasonable search and seizures when he touched Plaintiff's genitalia during patdown searches. The Fourth Amendment protects against unreasonable searches and seizures by a representative of the government. *Hudson v. Palmer*, 468 U.S. 517, 522-26, 528 n.8 (1984). However, the relevant authority indicates that prisoners are entitled to very narrow zones of privacy, and circumstances may warrant the most invasive of intrusions into bodily privacy. *See, e.g., Timm v. Gunter,* 917 F.2d 1093, 1101-02 (8th Cir. 1990) (opposite-sex pat searches and monitoring of naked prisoners not violative of Fourth Amendment); *Somers v. Thurman,* 109 F.3d 614, 619-22 (9th Cir. 1997) (finding no clearly established right to be free of opposite-sex visual body cavity searches as of 1993); *Johnson v. Phelan,* 69 F.3d 144, 146 (7th Cir. 1995) (opposite-sex monitoring of naked prisoners permissible, guards "entitled to watch and regulate every detail of daily life").

In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court held that visual body cavity inspections during strip searches of pre-trial detainees and convicted prisoners after they had contact with outsiders were not "unreasonable" searches under the Fourth Amendment. The searches were conducted at the "federally operated short-term custodial facility in New York City designed primarily to house pretrial detainees." *Id.* at 523. The Court stated that applying "[t]he test of reasonableness under the Fourth Amendment . . . [i]n each case . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* at 559. It pointed out that a "detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Id.*

In this case, Plaintiff is a state prisoner and is complaining about nothing more than the touching of his genitals during a pat down search. The court concludes that such a claim does not constitute a violation of the Fourth Amendment.

Finally, Plaintiff claims that Defendants' conduct constituted a criminal conspiracy in violation of 18 U.S.C. § 241, which provides:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

However, Plaintiff has failed to allege any specific facts showing the existence of such a conspiracy. It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under 42 U.S.C. § 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). Because Plaintiff's claim is entirely conclusory, it is properly dismissed.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 8, 2010              /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE